Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(*Pro Hac Vice* to be Submitted)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com; Howard.Cayne@aporter.com; Michael.Johnson@aporter.com

*Attorneys for Proposed Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRA WEST COLLECTIONS GROUP, LLC, | CASE NO.   2:15-cv-01692-JAD-VCF |
| Plaintiff, | |
| vs. | **STIPULATION TO ENTRY OF ORDER AND [~~PROPOSED~~] ORDER PERMITTING THE FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, TO INTERVENE** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; CITY OF HENDERSON; and REPUBLIC SERVICES, | |
| Defendants. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Counterclaimant, | |
| vs. | |
| TERRA WEST COLLECTIONS GROUP, LLC; ANTHEM HIGHLANDS COMMUNITY ASSOCIATION; and RUGGED OAKS INVESTMENTS, LLC, | |
| Counter-Defendants. | |

1.    The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae"), seeks to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

2.    On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11040253.1

289, 122 Stat. 2654 (codified at 12 U.S.C. § 4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992 (12 U.S.C. § 4501, et. seq.).

3.     The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in the federal courts. *See* 12 U.S.C. § 4617(b)(2)(A)(i).

4.     Accordingly, FHFA asserts that it has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

5.     Pursuant to Fed. R. Civ. P. 24(c), FHFA attaches as **Exhibit A** their intended Answer.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11040253.1

2

1

## STIPULATION

2
        FHFA, Fannie Mae, and Plaintiff/Counter-Defendant Terra West Collections Group,

3
through their undersigned attorneys of record, hereby stipulate and request that the Court make

4
this stipulation an order of the Court:

5
        The FHFA shall be permitted to intervene in the above-referenced action
6      pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

7
        DATED this 17th day of November, 2015.

8
**GORDON LAW**                              **FENNEMORE CRAIG, P.C.**

9
By:    /s/   Aviva Gordon                    By:    /s/   Leslie Bryan Hart
10         Aviva Y Gordon, Esq. (SBN 5333)              Leslie Bryan Hart, Esq. (SBN 4932)
           6655 Cimarron, Suite 200                     John D. Tennert, Esq. (SBN 11728)
11         Las Vegas, NV 89113                          300 E. Second St., Suite 1510
           Tel: 702-527-5557 Fax: 702-527-5559          Reno, Nevada 89501
12         agordon@gordonlawlv.com                      Tel: 775-788-2228  Fax: 775-788-2229
                                                        lhart@fclaw.com; jtennert@fclaw.com
13     *Attorneys for Plaintiff/Counter-Defendant*                    and
       *Terra West Collections Group*                   **ARNOLD & PORTER LLP**
14                                                      (*Pro Hac Vice* to be submitted)
                                                        Asim Varma, Esq.
15                                                      Howard N. Cayne, Esq.
                                                        Michael A.F. Johnson, Esq.
16                                                      *Attorneys for Proposed Intervenor Federal*
                                                        *Housing Financing Agency*
17
**ALDRIDGE PITE LLP**
18
By:    /s/   Laurel Handley
19         Laurel I. Handley, Esq. (SBN 9576)
           Jory C. Garabedian, Esq. (SBN 10352)
20         520 South 4th Street, Suite 360
           Las Vegas, Nevada  89101
21         Tel: (858) 750-7600  Fax: (702) 685-6342
           lhandley@aldridgepite.com;
22         jgarabedian@aldridgepite.com
       *Attorneys for Defendant/Counterclaimant*
23     *Federal National Mortgage Association*

24                                   ## ORDER

25
                        IT IS SO ORDERED.
26
                        _____
27
                        UNITED STATES MAGISTRATE JUDGE
28                      DATED:     November 18, 2015

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11040253.1

3

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 17th day of November, 2015, a true and correct copy of the **STIPULATION TO ENTRY OF ORDER AND [PROPOSED] ORDER PERMITTING THE FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, TO INTERVENE,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Joseph P Garin   NVECF@lipsonneilson.com

Joshua Ohiozogie Igeleke , Jr.   jigeleke@hutchlegal.com

_____/s/   Pamela Carmon_____
Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11040253.1

Exhibit A

Exhibit A

1   Leslie Bryan Hart, Esq. (SBN 4932)
    John D. Tennert, Esq. (SBN 11728)
2   FENNEMORE CRAIG, P.C.
    300 E. Second St., Suite 1510
3   Reno, Nevada 89501
    Tel: 775-788-2228  Fax: 775-788-2229
4   lhart@fclaw.com; jtennert@fclaw.com

5   (*Pro Hac Vice* to be Submitted)
    Asim Varma, Esq.
6   Howard N. Cayne, Esq.
    Michael A.F. Johnson, Esq.
7   ARNOLD & PORTER LLP
    601 Massachusetts Ave., NW
8   Washington, DC 20001-3743
    Tel: (202) 942-5000  Fax: (202) 942-5999
9   Asim.Varma@aporter.com; Howard.Cayne@aporter.com; Michael.Johnson@aporter.com

10  *Attorneys for Intervenor Federal Housing Finance Agency*

11              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**

12

13  TERRA WEST COLLECTIONS GROUP,        CASE NO.   2:15-cv-01692-JAD-VCF
    LLC,

14                  Plaintiff,                        ~~**[PROPOSED]**~~

        vs.
15                                        **ANSWER AND COUNTERCLAIMS BY**
    FEDERAL NATIONAL MORTGAGE            **INTERVENOR FEDERAL HOUSING**
16  ASSOCIATION; CITY OF HENDERSON;      **FINANCE AGENCY, AS CONSERVATOR**
    and REPUBLIC SERVICES,               **FOR THE FEDERAL NATIONAL**
                    Defendants.          **MORTGAGE ASSOCIATION**
17
        and
18  FEDERAL HOUSING FINANCE AGENCY,
    as Conservator for the Federal National
19  Mortgage Association,

                    Intervenor.
20  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION,
21
                    Counterclaimant,
22      and
    FEDERAL HOUSING FINANCE AGENCY,
23  as Conservator for the Federal National
    Mortgage Association,
24
                    Intervenor.
25      vs.
    TERRA WEST COLLECTIONS GROUP,
26  LLC; ANTHEM HIGHLANDS
    COMMUNITY ASSOCIATION; and
27  RUGGED OAKS INVESTMENTS, LLC,

                    Counter-Defendants.
28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing, along with the other parties to this action, a joint stipulation that FHFA be permitted to intervene in this action pursuant to Federal Rule of Civil Procedure 24. In accordance with Rule 24(c)'s requirement that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," FHFA submits this Answer to respond as follows to the Complaint filed by Plaintiff Terra West Collections Group, LLC ( "Plaintiff") on July 21, 2015.

1.      FHFA admits the allegations contained within Paragraph 1 of the Complaint.

2.      FHFA admits that Fannie Mae has an interest in property located within the State of Nevada. FHFA denies the remaining allegations within Paragraph 2 of the Complaint.

3.      FHFA admits that the City of Henderson is an entity existing under the laws of the State of Nevada. FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 3 of the Complaint.

4.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

6.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 6 of the Complaint.

7.      FHFA admits that Fannie Mae had an interest in real property located at 2672 Strichen Avenue, Henderson, NV 89044 (the "Property") at the time of the foreclosure sale referred to in Paragraph 7 of the Complaint. FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 7 of the Complaint.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

2

8.     FHFA avers that it has an interest in the Property that survives notwithstanding the foreclosure sale discussed in Paragraph 8 of the Complaint and that any excess proceeds from that foreclosure sale are not relevant to its interest.

9.     FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 9 of the Complaint.

10.    FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 10 of the Complaint.  Paragraph 10 of the Complaint also states legal conclusions that do not require a response.  To the extent a response is required, denied.

11.    FHFA admits that neither FHFA nor Fannie Mae colluded with Plaintiff regarding the filing of the Complaint.  FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 11 of the Complaint.

12.    Paragraph 12 of the Complaint states requests for relief that do not require a response.  To the extent a response is required, denied.

13.    Paragraph 13 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.  FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 13 of the Complaint.

**AFFIRMATIVE DEFENSES**

FHFA's investigations of these claims are continuing.  By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for which relief can be granted because, among other reasons, 12 U.S.C. § 4617(j)(3) precludes an homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

3

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

Fannie Mae breached no duty with regard to Plaintiff.

## COUNTERCLAIMS

## FIRST CAUSE OF ACTION

**(Declaratory Judgment versus Counter-Defendant Rugged Oaks Investments, LLC)**

1.    FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

4

2. Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

3. FHFA is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

4. The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

5. During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

6. Fannie Mae's interest at issue is property of the Conservator. Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

7. 12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

8. On or about October 10, 2013, Fannie Mae acquired ownership of the Property at a duly noticed foreclosure sale conducted pursuant to a Deed of Trust encumbering the Property. The Trustee's Deed Upon Sale conveying the Property to Fannie Mae was recorded in the Books and 1 Records of Clark County on October 21, 2013 as Instrument No. 20131021-0000768. (ECF 11, Ex. 1.)

9. On April 29, 2015, Plaintiff, doing business as Assessment Management Services as agent for Anthem Highlands Community Association (the "HOA") conducted a foreclosure sale of the Property (the "HOA Sale"), at which the Property was purportedly sold to Rugged Oaks Investments, LLC ("Rugged Oaks"). (ECF 11, Exs. 4 & 5.)

10. Rugged Oaks claims an interest in the Property through a Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office as Book and Instrument Number 20150507-0004054 that is adverse to FHFA and Fannie Mae's interests.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

5

11.    At no time did Plaintiff, Plaintiff's trustee or agent, the HOA, the HOA's trustee or agent, or any other person or entity obtain consent from FHFA to extinguish Fannie Mae's interest in the Property.

12.    Pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale conducted by the HOA could not extinguish Fannie Mae's interest in the Property.

13.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in the Property.

14.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that the HOA Sale did not extinguish Fannie Mae's interest in the Property.

## SECOND CAUSE OF ACTION

### (Quiet Title versus Counter-Defendant Rugged Oaks)

15.    FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

16.    Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the parties' adverse claims in the Property.

17.    Fannie Mae has an ownership interest in the Property by virtue of its purchase of title at the October 10, 2013 foreclosure sale.

18.    FHFA, as Fannie Mae's conservator, has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

19.    Rugged Oaks claims an interest in the Property through its purported purchase of the Property at an HOA foreclosure sale held on April 29, 2015, and claims that the foreclosure sale extinguished Fannie Mae's interest.

20.    Pursuant to 12 U.S.C. § 4617(j)(3), "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."

21.    Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

6

1    to the case.

2         22.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to

3    28 U.S.C. § 2201 and NRS § 40.010, that the HOA Sale did not extinguish Fannie Mae's interest

4    in the Property.

5         23.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to

6    28 U.S.C. § 2201 and NRS § 40.010 that Rugged Oaks's interest in the Property, if any, is

7    subject to Fannie Mae's interest in the Property.

8                                  **PRAYER FOR RELIEF**

9         WHEREFORE, FHFA prays for the following relief:

10        1.     That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that

11               would permit a foreclosure on a superpriority lien to extinguish Fannie Mae's

12               property interest while it is under FHFA's conservatorship;

13        2.     That the Court declare that the HOA sale did not extinguish Fannie Mae's interest

14               in the Property and thus did not convey the Property free and clear of Fannie

15               Mae's interest to Rugged Oaks;

16        3.     That the Court declare that Rugged Oaks's interest in the Property, if any, is

17               subject to Fannie Mae's interest in the Property;

18        4.     That FHFA be awarded reasonable attorneys' fees and costs; and

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

1      5.      That FHFA receive such other relief as the Court deems just and proper.

2      DATED this _____ day of November, 2015.

3                                        **FENNEMORE CRAIG, P.C.**

4                              By:      ___/s/_____
                                        Leslie Bryan Hart, Esq. (SBN 4932)
5                                       John D. Tennert, Esq. (SBN 11728)
                                        300 E. Second St., Suite 1510
6                                       Reno, Nevada 89501
                                        Tel: 775-788-2228   Fax: 775-788-2229
7                                       lhart@fclaw.com; jtennert@fclaw.com
                                              and
8                                       **ARNOLD & PORTER LLP**
                                        (*Pro Hac Vice* to be Submitted)
9                                       Asim Varma, Esq.
                                        Howard N. Cayne, Esq.
10                                      Michael A.F. Johnson, Esq.
                                        *Attorneys for Intervenor Federal Housing*
11                                      *Financing Agency*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11056411.1

8